UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KARENA SMITH,**<br><br>                    Plaintiff,<br><br>  -vs-<br><br>**LVNV FUNDING, LLC,**<br><br>                    Defendant. | *Civil Action No.* _____ |

### COMPLAINT & DEMAND FOR JURY TRIAL

#### INTRODUCTION

1. Plaintiff Karena Smith brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices in an attempt to collect a debt.

#### JURISDICTION & VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

#### PARTIES

4. Plaintiff Karena Smith is a natural person residing in the County of Monroe, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant LVNV Funding, LLC, (hereinafter "LVNV") is a foreign limited liability company organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

7. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

## FACTUAL ALLEGATIONS

8. That Plaintiff allegedly incurred and later allegedly defaulted on a debt to "Sterling Jewelers, Inc." Said alleged debt will hereinafter be referred to as "the subject debt."

9. The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

10. That upon information and belief, the subject debt account was thereafter sold, transferred or assigned to Defendant LVNV who subsequently filed suit against Plaintiff Smith in Rochester City Court in September of 2010, seeking to recover the purported balance of the alleged debt.

11. That in January of 2011, despite having already filed a lawsuit against Plaintiff to collect the aforementioned subject debt, Defendant LVNV filed another lawsuit against Plaintiff Smith in Rochester City Court.

12. That as a result, Plaintiff Smith was forced to retain counsel to defend the same action twice.

13. That following retention of legal counsel to defend the aforementioned duplicative lawsuit, a motion to dismiss was filed on Plaintiff Smith's behalf, and a Final Order granting said motion was subsequently entered.

14. That as a result of Defendant's duplicative filing, Plaintiff Smith became upset, worried and otherwise suffered from emotional distress. Additionally, Plaintiff Smith incurred the costs of retaining an attorney to defend the duplicitous action.

## CAUSE OF ACTION

15. The aforementioned acts and omissions of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

16. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(10) by using false, deceptive and/or misleading means to attempt to collect a debt by filing two lawsuits to recover the subject debt, despite the fact that the first lawsuit was still pending.

17. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means in an attempt to collect the subject debt by filing the same lawsuit twice.

18. Because of the Defendant's various aforementioned violations of the FDCPA, Plaintiff became nervous, upset, anxious and incurred attorney's fees associated with defending and dismissing the duplicitous action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Smith respectfully requests that this honorable Court enter judgment against the Defendant for:

(a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

(b) Statutory damages of $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); *and*

(d) For any and all additional relief as this honorable Court may deem just and proper.

## JURY DEMAND

Please take notice that Plaintiff Smith demands a trial by jury in this action.

Date: June 28, 2011                                             /s/Frank J. Borgese
                                                                Frank J. Borgese, Esq.
                                                                Graham & Borgese, P.C.
                                                                *Attorneys for the Plaintiff*
                                                                482 Delaware Ave.
                                                                Buffalo, New York 14202
                                                                fborgese@grahamlawpc.com
                                                                716.200.1520